**This order is SIGNED.**

**Dated: October 7, 2020**



**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re: KYLEE CORNWALL, Debtor. | Bankruptcy Case No. 19-29236 Chapter 7 Judge William T. Thurman |
|---|---|
| UNIVERSITY FIRST FEDERAL CREDIT UNION and GRANITE FEDERAL CREDIT UNION, Plaintiffs, v. KYLEE CORNWALL, Defendant. | Adversary Proceeding No. 20-02025 |

**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court by way of Plaintiffs University Federal Credit Union and Granite Federal Credit Union's Motion for Default Judgment. The Court held a telephonic hearing on the Motion on September 23, 2020. At the hearing, Plaintiffs were represented by Dean A. Stuart, and neither Defendant nor her counsel made an appearance. The Court made findings on

the record and granted Plaintiffs' motion for default judgment. On September 25, 2020, the Court entered the order granting Plaintiffs' motion. In that order, the Court reserved the right to memorialize its September 23, 2020 ruling in a formal memorandum. Accordingly, the Court now memorializes that ruling through this Memorandum Decision and Order.

## BACKGROUND

On March 30, 2020, Plaintiffs filed their complaint in this adversary proceeding. The allegations giving rise to Plaintiffs' complaint are as follows: Plaintiffs are federal credit unions that conduct business in the State of Utah. Prior to filing for Chapter 7 bankruptcy, Defendant entered into loans with each of the Plaintiffs. On November 15, 2016, Defendant entered into a loan agreement with University First Federal Credit Union ("University") for an amount of $25,619.05, which was secured by a 2017 CAN-AM Maverick Max. The 2017 CAN-AM was purportedly purchased by Defendant from Extreme Motorsports. On December 6, 2017, Defendant entered into a loan agreement with Granite Federal Credit Union ("Granite") for an amount of $13,300.00, which was secured by a 2018 X3 Max XRS CAN-AM. The 2018 CAN-AM was also purportedly purchased by Defendant from Extreme Motorsports. Under both loan agreements, the proceeds were sent to Extreme Motorsports.

Under state law, the certificate of title for vehicles is required to be delivered by the dealer within 45 days of the date of purchase. This did not occur in this case. According to the Plaintiffs, they contacted Extreme Motorsports, but they were unable to obtain the certificates of title. To this date, Plaintiffs have been unable to obtain the certificates of title for or possession of the CAN-AMs. Plaintiffs later learned that the owners of Extreme Motorsports are close relatives of Defendant. In addition, Plaintiffs learned that Defendant offered the 2018 CAN-AM as collateral

2

for a loan from America First Credit Union ("America First"). America First did not obtain the certificate of title either.

Plaintiffs allege that Defendant neither purchased the CAN-AMs for her own use nor intended on having them for her personal use. Rather, they contend that she may have used them as rentals for Extreme Motorsports and another associated company. Plaintiffs further contend that Defendant knew that Plaintiffs would never receive the certificates of title. Had Plaintiffs known that Defendant did not intend to purchase the CAN-AMs for her own use and that she did not intend to provide them with the certificates of title, they would not have approved the loans.

Accordingly, Plaintiffs assert two causes of action in their complaint. First, they contend that Defendant obtained the loans using false pretenses, false representations, and/or actual fraud by making the aforementioned misrepresentations in violation of 11 U.S.C. § 523(a)(2)(A). Consequently, they seek a determination that Defendant's obligations to Plaintiffs under the loans are nondischargeable. Second, Plaintiffs seek a judgment in favor of University for the debt owed in the amount of $23,816.54, plus interest at the contract rate of 6.24%. Additionally, Plaintiffs request an award of attorney's fees that they have incurred by pursuing this action.

Despite having been properly served, Defendant has failed to file an answer or otherwise defend in this action, and the time for doing so has since passed.

## JURISDICION, VENUE, AND NOTICE

The Court finds that the jurisdiction of this Court is properly invoked under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. § 1408. Notice of this motion and hearing is found to be proper in all respects.

**DISCUSSION**

Federal Rule of Civil Procedure 55 applies to adversary proceedings in bankruptcy cases through Federal Rule of Bankruptcy Procedure 7055. Fed. R. Bankr. P. 7055. Rule 55 provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk has entered a default certificate against the party that failed to appear or defend, the moving party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). In this case, the clerk entered Defendant's default certificate on September 23, 2020. Plaintiffs now request that the Court enter a default judgment against Defendant.

"Default judgments are not favored by the courts." *In re Pearson*, No. ADV 14-2020, 2014 WL 3051211, at *1 (Bankr. D. Utah July 3, 2014). Nevertheless, the Tenth Circuit has opined that "a workable system of justice requires that litigants not be free to appear at their pleasure." *In re Rains*, 946 F.2d 731, 733 (10th Cir. 1991). Moreover, default judgments "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.*

Importantly, Federal Rule of Bankruptcy Procedure 7012(a) requires that, if a complaint is duly served, the defendant must serve an answer within 30 days after the summons is issued. Fed. R. Bankr. P. 7012(a). If the defendant fails to serve an answer, the allegations contained within the complaint are deemed admitted. *See In re Pearson*, 2014 WL 3051211, at *1. In this case, Plaintiffs have duly served the summons and the complaint on Defendant and her attorney of record, and Defendant has failed to answer. Consequently, Plaintiffs' well-pleaded allegations in the complaint are deemed admitted.

4

Notwithstanding the admission of the allegations in the complaint, the entering of a default certificate by the clerk of court, and Defendant's failure to respond to the complaint in all respects, Plaintiffs are only entitled to the relief they seek if their complaint adequately states a claim for relief. *Id.*; *see Jackson v. Correctional Corp. of Am.*, 564 F. Supp. 2d 22, 26–27 (D.D.C. 2008); *see also Discover Bank v. Fuentes (In re Fuentes)*, 474 B.R. 497, 500 (Bankr. S.D. Tex. 2012); *AT & T Universal Card Servs., Corp. v. Sziel (In re Sziel)*, 206 B.R. 490, 493 (Bankr. N.D. Ill. 1997). The court must therefore analyze whether Plaintiffs have adequately stated a claim for relief under 11 U.S.C § 523(a)(2)(A) to support a final judgment.

11 U.S.C § 523(a)(2)(A) provides that a debtor is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." As described by the Bankruptcy Appellate Panel for the Tenth Circuit (the "BAP"), "[f]alse pretenses under Section 523(a)(2)(A) are implied misrepresentations intended to create and foster a false impression." *In re Sturgeon*, 496 B.R. 215, 223 (B.A.P. 10th Cir. 2013). Unlike false representations, false pretenses include conduct and material omissions. *Id.*

As for false representation under § 523(a)(2)(A), the BAP has explained that a "claimant must prove by a preponderance of the evidence that: 1) the debtor made a false representation; 2) with the intent to deceive the creditor; 3) the creditor relied on the false representation; 4) the creditor's reliance was [justifiable]; and 5) the creditor was damaged as a result." *Id.* at 222. Importantly, "[i]ntent to deceive can be inferred from the totality of the circumstances." *Id.* (alteration in original). Lastly, regarding actual fraud under § 523(a)(2)(A), actual fraud occurs "when a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right." *Id.* at 223.

5

In this case, the court finds that, when applying the foregoing standards to the facts of this case, Plaintiffs' complaint adequately alleges a cause of action under § 523(a)(2)(A) for false pretenses, false representation, and actual fraud. Accordingly, the Court will grant Plaintiffs' first cause of action for nondischargeability with respect to the debts from both the University and Granite loans.

As a final matter, the Court notes that, as for their second cause of action, Plaintiff University seeks a judgment in favor of it in the amount of $23,816.54, plus interest at the contract rate of 6.24%. Because the Tenth Circuit has determined that, along with declaring a debt nondischargeable, bankruptcy courts also have jurisdiction to liquidate the debt and enter a monetary judgment against the debtor, the Court concludes that the relief sought by Plaintiffs' second cause of action is appropriate and warranted. *In re Riebesell*, 586 F.3d 782, 793 (10th Cir. 2009).

## CONCLUSION

Therefore, based on the foregoing reasoning, it is HEREBY ORDERED:

1. Plaintiffs' Motion for Default Judgment is GRANTED, and the debts owed to Plaintiffs by Defendant are adjudged nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

2. Judgment is GRANTED against Defendant and in favor of Plaintiff University in the amount of $23,816.54, plus interest at the contract rate of 6.24%;

3. Plaintiffs' request for an award of attorney's fees is GRANTED.[1]

---

[1] The Court notes that Plaintiffs did not list a specific amount of attorney's fees in their request. Therefore, in connection with the Court's Default Judgment [ECF No. 29] entered on September 25, 2020, the matter of attorney's fees and the amount thereof will be reserved for any state court proceedings that Plaintiffs should choose to initiate.

## **DESIGNATION OF PARTIES TO RECEIVE NOTICE**

Service of the foregoing **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**
shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Jonathan D. Porter    jonathan@porterlaw-firm.com, g64776@notify.cincompass.com, melissa@porterlaw-firm.com

- Dean A. Stuart    dean@brucerichards.law, lynn@richardsandassociateslawoffice.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b):

Kylee Cornwall                                                                                              DEFENDANT
9104 S Mountain Iris Way
West Jordan, UT 84081-6139